IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


KIMBERLY S.,[1]                                            No. 6:20-cv-01655-HZ

        Plaintiff,                                   OPINION & ORDER

    v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.


Kevin Kerr
Kerr Robichaux & Carroll
PO Box 14490
Portland, OR 97293

    Attorney for Plaintiff

Renata Gowie
U.S. Attorney's Office District of Oregon
1000 SW Third Ave, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Frederick D. Fripps
L. Jamala Edwards
Social Security Administration
Office of General Counsel, Region X
701 Fifth Avenue, Suite 2900, 221A
Seattle, WA 98104-7075

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Kimberly S. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). The Court affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB on July 14, 2017, alleging an onset date of December 30, 2014. Tr. 59.[2] Plaintiff's date last insured ("DLI") is September 30, 2018. Tr. 32, 180. Her application was denied initially and on reconsideration. Tr. 97, 103.

On September 9, 2019., Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 30. On September 25, 2019, the ALJ found Plaintiff not disabled. Tr. 29. The Appeals Council denied review. Tr. 15.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on spinal stenosis, degenerative disc disease, scoliosis, fibromyalgia, degenerative joint disease, bone spurs in neck, bone spurs in lumbar, osteoarthritis, mild stenosis in mid lower spine, and myofascial pain syndrome. Tr. 184. She later alleged depression as well. Tr. 49, 230. At the time of her alleged onset date, she was 55 years old. Tr.

---

[2] Citations to "Tr." refer to the pages indicated in the official transcript of the administrative record, filed herein as Docket No. 12.

2 – OPINION & ORDER

59. She has graduated from high school and reported completing some college. Tr. 611. She has past relevant work experience as a sales clerk. Tr. 23

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work."

3 – OPINION & ORDER

20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after her alleged onset date. Tr. 17. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "degenerative disc disease." Tr. 17. However, the ALJ determined that Plaintiff's impairment did not meet or medically equal the severity of a listed impairment. Tr. 19. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) with the following limitations:

> the claimant can only occasionally climb ladders, ropes and scaffolds and can only occasionally stoop, crouch and crawl.

Tr. 19. Despite these limitations, the ALJ concluded that Plaintiff could perform her past relevant work as a sales clerk. Tr. 23. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 24.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

## DISCUSSION

Plaintiff argues the ALJ erred in rejecting the opinions of state agency consultants Dr. Winifred C. Ju, Ph.D. and Dr. Scott F. Kaper, Ph.D.

**I.     Dr. Winifred C. Ju, Ph.D.**

Though Plaintiff filed her application on or after March 27, 2017, the ALJ reopened Plaintiff's prior claim filed in May 2015. *See Taylor v. Heckler*, 765 F.2d 872, 877 (9th Cir.1985) (the Commissioner's decision to reopen a claim is purely discretionary after an administrative decision becomes final). Thus, the rules for evaluating medical opinions for claims filed before March 27, 2017, apply to Plaintiff's claim.

For claims filed before March 27, 2017, social security law recognizes three types of physicians: (1) treating, (2) examining, and (3) nonexamining. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant and to an examining physician than to a nonexamining physician. *Id.*; 20 C.F.R. § 404.1527(c)(1)-(2). "The Commissioner may

reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

Dr. Ju is a non-examining physician. Dr. Ju completed Plaintiff's Mental Residual Functional Capacity Assessment at the reconsideration level. Tr. 84–90. Dr. Ju rated Plaintiff's depression as severe and found mild limitations in Plaintiff's ability to understand, remember, or apply information, interact with others, and adapt or manage oneself and a moderate limitation in her ability to concentrate, persist, or maintain pace. Tr. 84-85. She concluded that Plaintiff is "able to carry out short and simple instructions." Tr. 90.

The ALJ gave Dr. Ju's opinion no weight. Tr. 22. He noted that in reaching her conclusion, Dr. Ju considered Plaintiff's "reports of difficulty concentrating due to her pain," which he found were "contradicted by her treatment history showing no treatment for mental impairments." *Id.*

Plaintiff does not dispute that she lacks a history of treatment for her alleged mental impairments. Instead, she argues that because Dr. Ju relied on more than Plaintiff's self-reports to form her opinion, this one reason was not sufficient to reject her conclusions.

The ALJ did not err in rejecting Dr. Ju's opinion. The ALJ referred to specific evidence in the medical record for discounting Dr. Ju's opinion—the lack of mental health treatment. An ALJ may rely on a conservative course of treatment to discount a medical opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (finding that the ALJ did not err in rejecting a treating physician's statements when the suggested limitations were undermined by improvement in the claimant's condition and a conservative course of treatment). And though evaluating a plaintiff's noncompliance in the context of a mental health impairment requires more nuance than with physical impairments, nothing in the record suggests Plaintiff's alleged mental

impairment prevented her from seeking treatment or otherwise explains her lack of treatment. *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (finding that where "there was no medical evidence that [plainitff's] resistance was attributable to her mental impairment rather than her own personal preference," it "was reasonable for the ALJ to conclude that the level or frequency of treatment [was] inconsistent with the level of complaints" (internal quotation omitted) (alteration in original)). The ALJ's reason for rejecting Dr. Ju's opinion was supported by substantial evidence. The record shows no treatment for a mental impairment and the ALJ's finding discounting Dr. Ju's opinion was made "by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998); *see also Darden v. Saul*, 855 F. App'x 352, 355 (9th Cir. 2021) (finding no error when the ALJ gave non-examining doctors' opinions little weight because they were "inconsistent with the overall lack of mental health treatment sought by the claimant").

**II.    Dr. Scott F. Kaper, Ph.D.**

Dr. Kaper completed Plaintiff's Mental Residual Functional Capacity assessment at the initial level. Tr. 66–69. He determined that Plaintiff did not have any severe mental impairments and that she was capable of sustaining "simple tasks and more complex tasks if known." Tr. 69.

The ALJ gave Dr. Kaper's opinion great weight because he found it consistent with the "longitudinal treatment records showing that the claimant has not sought treatment in the form of counseling or medication management." Tr. 22. However, the ALJ did not address Dr. Kaper's noted limitation to "simple tasks and more complex tasks if known."

Plaintiff argues the ALJ erred by failing to include or discuss the limitation to "simple tasks and more complex tasks if known." She argues that had this limitation been included in the RFC, she could not have performed her past relevant work as a sales clerk. Defendant responds

that the ALJ's failure to include or reject the limitation to "simple tasks and more complex tasks if known" was harmless. The Court agrees with Defendant.

Any error by the ALJ in failing to specifically address this limitation in Dr. Kaper's opinion was harmless. An error is harmless if it is inconsequential to the non-disability determination. *Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006) (errors that are "nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion" constitute harmless error).

Plaintiff has not shown how Dr. Kaper's limitation to "simple tasks and more complex tasks if known" precludes her past relevant work. Plaintiff has past relevant work as a sales clerk. Therefore, even if the position requires complex tasks, these tasks would be known to Plaintiff. In her reply, Plaintiff argues that the limitation would impact her reasoning level. There are six reasoning development levels used in occupational definitions. Dictionary of Occupational Titles, App. C, § III, 1991 WL 688702. Below are the definitions of the first three reasoning levels.

> Level 1: Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.
>
> Level 2: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.
>
> Level 3: Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

*Id.*

Plaintiff's past relevant work as a sales clerk has a reasoning level three. DOT (4th Ed. 1991) § 290.477-014, 1991 WL 672554 (Sales Clerk). Plaintiff argues Dr. Kaper's limitation to "simple tasks and more complex tasks if known" would likely limit her to a reasoning level

8 – OPINION & ORDER

lower than three. This may be true if she had never performed the sales clerk position. But here, any complex tasks would be known to Plaintiff. Additionally, Plaintiff does not show how the express language of reasoning level three conflicts with Dr. Kaper's limitation. Any error by the ALJ in failing to discuss Dr. Kaper's limitation was harmless as it was irrelevant to the ALJ's ultimate disability conclusion.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED:＿＿May 5, 2022＿＿＿＿.

*Marco Hernandez*

MARCO A. HERNÁNDEZ
United States District Judge

9 – OPINION & ORDER